NGUYEN, Circuit Judge, concurring in part: While I otherwise concur, I am unable to fully join in Part III.A of the opinion. I agree that the magistrate court did not abuse its discretion by removing Mr. Of-fenbecher as appointed counsel, under the CJA, once, the government was no longer seeking a punishment of death. Given this holding, I see nó need to “offer a cautionary note” on, the magistrate court’s decision-making process. In doing so, the opinion wrongly assumes that the magistrate judge failed to consider the budgetary constraints faced by the Federal Public Defender’s Office because the majority “find[s] no indication” in the record that it did so. But a failure to comment specifically on these concerns does not equate to a failure to consider them. Indeed, the opinion’s discussion of United States v. Kott, No. 3:07-CR-056-JWS-JDR, 2011 WL 2357508 (D. Alaska June 13, 2011), suggests that this magistrate judge was well aware of the FPD’s budget problems and had a practice of considering them. Here, given FPD Curtner’s express representations in connection with his opposition to the government’s motion to relieve Mr. Offenbecher, it’s highly unusual for an appellate court to assume that the magistrate judge failed to consider these relevant statements and then criticize the judge for not doing so. This is especially so because we ultimately conclude that the ruling was correct. The opinion also harshly criticizes the conduct of the government in this case, and rightly so. The motion to remove Mr, Offenbecher was unusual' and unbecoming. The government occupies a powerful role in our justice system, and it has vast resources to accomplish its prosecutorial functions. The government bears a unique responsibility not to tip the scales against a defendant, and it failed to demonstrate sufficient sensitivity to that duty here. But, however ill-advised and rare it is to do so, I have found no clear prohibition to the government seeking removal of counsel under these circumstances. Thus, it’s not entirely obvious that the Assistant United States Attorneys' “placed [themselves] in an ethically compromised position” by doing' so here. In fact, there is evidence that the government has misstepped in the same fashion on other occasions. See, e.g., United States v. Rodriguez, No. 12-CR-83S, 2015 WL 1120157, at *3 n.3 (W.D.N.Y. Mar. 12, 2015); United States v. Eldridge, No. 09-CR-329, 2014 WL 4640848, at *1 (W.D.N.Y. Sept. 16, 2014). This is an important issue on which the Department of Justice could provide additional training and guidance to its line AUSAs in order to avoid prosecutorial overreach.